IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. 1:11-cr-10028-JDB-1

RANDALL J. COLLIER,

    Defendant.

___

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
___

        In a judgment entered February 24, 2012, the Defendant, Randall J. Collier, was convicted of sexual exploitation of children and knowingly possessing computer images involving the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B). (Docket Entry ("D.E.") 72.) He was sentenced to 360 months' imprisonment and fifteen years of supervised release. Collier is currently in Bureau of Prisons custody at Federal Correctional Institution Seagoville, Texas, and has a projected release date of October 13, 2036. https://www.bop.gov/inmateloc/ (last visited July 13, 2020).

        On July 6, 2020, the Court received a letter from James and Sharon Collier, Defendant's parents, requesting his compassionate release in light of the COVID-19 pandemic. (D.E. 94.) According to the Colliers, their son suffers from diabetes and breathing problems, both of which place him at increased risk for severe illness from the disease.[1] They also reference their difficulties in traveling from Tennessee, where they reside, to Texas to visit the Defendant,

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 13, 2020).

particularly considering their advancing age and deteriorating health.  The Court will construe the letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the statute which governs such requests.  *See United States v. Fleming*, Case No. 08-cr-20275, 2020 WL 3893086, at *2 (E.D. Mich. July 10, 2020) (motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)).

While the Court sympathizes with Mr. and Mrs. Collier, it cannot grant their motion.  Federal statute requires that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  This means that the Defendant must seek relief by filing his own motion or by retaining counsel to act on his behalf.  His parents, who are presumably nonlawyers, cannot represent him before the Court.  *See United States v. Barnes*, Case No. 16-20308, 2020 WL 2733885, at *2 (E.D. Mich. May 26, 2020) (inmate defendant could not be represented by nonlawyer mother who sent letter to the court requesting her son's release based on COVID-19 concerns).

The motion is therefore DENIED.  The Clerk is DIRECTED to mail a copy of this order to Mr. and Mrs. Collier at 1347 Highway 96 North, Fairview, Tennessee  37062.

IT IS SO ORDERED this 14th day of July 2020.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE